Douglas F. Foley, WSBA #13119
E-mail: doug.foley@dougfoleylaw.com
Alayna L. Nicholes, WSBA #40993
E-mail: alayna.nicholes@dougfoleylaw.com
Kevin M. Sampson, WSBA #24162
E-mail: kevin.sampson@dougfoleylaw.com
FOLEY SAMPSON & NICHOLES, PLLC
13115 NE 4th Street, Suite 260
Vancouver, Washington 98684
Telephone: 360.883.0636
Facsimile: 360.944.6808
*Attorneys for Plaintiffs Allstate Property and
Casualty Insurance Company*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, an Illinois Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JAY and MICHELLE SMITH, husband and wife, and LEONARD J. WEEKLEY and KIMBERLY WEEKLEY, husband and wife,<br><br>Defendants. | Civil No. 3:21-cv-5810<br><br>COMPLAINT FOR DECLARATORY JUDGMENT |

Plaintiff Allstate Property and Casualty Insurance Company (hereinafter "Allstate"),

by and through its attorneys Douglas F. Foley, Alayna L. Nicholes, Kevin M. Sampson of

Foley Sampson & Nicholes, PLLC, hereby alleges as follows:

## I.    **PARTIES AND JURISDICTION**

1.    This action for Declaratory Judgment is one in which the United States District

Court is given original jurisdiction by reason of diversity of citizenship and the requisite

Page 1 –  COMPLAINT FOR DECLARATORY JUDGMENT

amount in controversy exceeds $75,000 pursuant to Title 28, U.S.C. §1332.

2.    Allstate is an Illinois corporation authorized to transact the business of insurance in the State of Washington, whose principal place of business is in the State of Illinois, and is deemed a citizen of Illinois for diversity jurisdiction.

3.    Jay Smith and Michelle Smith, husband and wife, and the marital community comprised thereof, are residents of Pierce County, State of Washington, and are citizens of Washington.  Allstate issued a Homeowners Policy to Jay Smith and Michelle Smith.

4.    Leonard J. Weekley and Kimberly Weekley, husband and wife, and the marital community comprised thereof, are residents of Pierce County, State of Washington, and are citizens of Washington.  Leonard J. Weekley and Kimberly Weekley have filed counterclaims against *Jay Smith and Michelle Smith in Jay and Michelle Smith v. Leonard J. Weekley, et. ux.*, Pierce County Superior Court Case No. 21-2-05973-4.

## II.    UNDERLYING COUNTERCLAIMS

5.    This matter involves a dispute between owners of neighboring properties over legal entitlement to the right of use of an easement located in Orting, Pierce County, State of Washington.  An ingress/egress driveway was established across the property owned by Leonard and Kimberly Weekley prior to their purchase of the property.  The driveway provides access to the property owned by Jay and Michelle Smith.  The Smiths allege that they are being prevented from using the driveway by the Weekleys.  The Weekley's claim that they suffered, and continue to suffer, from "emotional and mental duress" as a result of threats and harassment from the Smiths regarding their entitlement to the use of the driveway.

6.    A copy of the Counterclaim filed on August 9, 2021, is attached as Exhibit 1 and is incorporated herein.  The following statement of facts is extracted from the Counterclaim.  Allstate does not necessarily agree to the veracity of any of the facts or claims alleged but recites the following facts for the sole purpose of identifying the issues in dispute

Page 2 –  COMPLAINT FOR DECLARATORY JUDGMENT

in this matter with respect to the coverages provided by Allstate, subject to the terms,

definitions, exclusions and conditions of the insurance contract issued by Allstate.  The

pertinent portions of the Counterclaim are referenced in the following paragraphs set forth

below:

> "Having answered Plaintiffs' Complaint and asserted their affirmative defenses, the Weekleys assert the following counterclaims: Plaintiffs own property located adjacent to the Weekleys at 17001 224th Avenue Court East, Orting, WA. (Counterclaim ¶1) There is an easement located to the north of the Plaintiffs' and Weekleys' properties that terminates in a cul-de-sac that touches the Plaintiffs' property and the Weekleys' property. (Counterclaim ¶2) Plaintiffs have direct access to their property from the cul-de-sac without the need to enter the Weekleys' property. (Counterclaim ¶3) The Weekleys' predecessors build a roadway from the cul-de-sac to their house entirely on the Weekley property. (Counterclaim ¶4) Neither the Plaintiffs nor their predecessors constructed a road on their own property from the cul-de-sac to access their residence. (Counterclaim ¶5) Prior to either the Plaintiffs or the Weekleys' acquisition of their respective properties, the Weekleys' predecessor granted the Plaintiffs' predecessor permission to use the Weekleys' driveway for access to their residence. No easement was ever recorded. (Counterclaim ¶6) The Plaintiffs have threatened to shoot and kill the Weekleys, their animals, and their guests, and have otherwise engaged in un-neighborly, hostile acts and threats. (Counterclaim ¶7) Because the Plaintiffs have threatened to shoot and kill the Weekleys, their animals, and their guests, and otherwise engaged in un-neighborly, hostile acts and threats, the Weekleys have revoked permissive use of their driveway by the Plaintiffs. (Counterclaim ¶8) Plaintiffs continue to trespass upon the Weekleys' property and use the road without legal entitlement or permission. (Counterclaim ¶9) The Weekleys are entitled to a decree ejecting Plaintiffs from their property and barring all further use by the Plaintiffs. (Counterclaim ¶10) The Weekleys are entitled to a judgment quieting

Page 3 –  COMPLAINT FOR DECLARATORY JUDGMENT

title to the Weekley property in the Weekleys as against the claims of Plaintiffs and anyone claiming any right, title, or interest by, through, or under them. (Counterclaim ¶11) The Weekleys are entitled to a declaratory judgment that the Plaintiffs have no legal entitlement to use the Weekley roadway or any part of the Weekley property. (Counterclaim ¶12) To the extent that the Plaintiffs seek rights to use the Weekley Property by adverse possession, the Weekleys are entitled to recover their attorneys' fees and costs under RCW 7.28.083(3). (Counterclaim ¶13)"

7.      A copy of the *pro se* Leonard and Kimberly Weekley Response, filed on June 8, 2021, is attached as Exhibit 2, and is incorporated herein.  The following statement of facts is extracted from the Response.  Allstate does not necessarily agree to the veracity of any of the facts or claims alleged but recites the following facts for the sole purpose of identifying the issues in dispute in this matter with respect to the coverages provided by Allstate, subject to the terms, definitions, exclusions and conditions of the insurance contract issued by Allstate.  The pertinent portions of the Response are referenced in the following paragraphs set forth below:

"In reference to section 17 of Mr. and Mrs. Smith's statement, the picture showing the McInnallys' home on lot 4, the driveway and other improvements in lot 3 is not dated: therefore, the picture included could have been taken at any time.

In reference to section 19, "Upon information and belief, following their purchase of Lot 3, the Codys used the driveway to access Lot 3 and it was their only access," it is not proven that the driveway was their only access as there is another area where a driveway could have been utilized.

In reference to section 21, the picture itself is not dated.

The following picture (exhibit 1 and 2) (Large Lot Survey and Large Lot Survey 2) shows the existing survey filed with Pierce County presents a shared cul de sac between lot 3 and 4 allowing access to their property

Page 4 –  COMPLAINT FOR DECLARATORY JUDGMENT

**Foley Sampson & Nicholes, PLLC**
13115 NE 4th Street, Suite 260
Vancouver, WA 98684
Telephone: 360.883.0636

without having to cross into anyone else's property, also allowing construction for 2 independent driveways.

In reference to section 22, there is no actual proof that the owners of Lot 3 have continuously used the driveway for more than 10 years.

In reference to section 26, there is no proof that the current driveway is the only way for the Smiths to access their property as the original cul de sac (Exhibit 1 and Exhibit 2) allowed Lot 3 and Lot 4 to construct their own individual driveways.

In reference to section 29, the Weekleys did not allow their dogs onto the Smiths property with intention and have taken steps to ensure that the dogs do not access the Smith's property to the best of their ability. The Smiths have not submitted proof that the dogs chased their animals and there is no proof that the animals have threatened the Plaintiff's daughter. In response to the dog wondering off of Lot 4, the Weekleys made attempts at communicating in an amicable way with the Smiths to ensure that actions were in place to prevent the dog from escaping Lot 4. The Weekley's pasture if fully fenced with intention of keeping the animals secure (Exhibit 3). The actions are as follows; the Weekleys had their dog neutered, put in additional double fencing to ensure that the dog does not escape the fully fenced in pasture (see Exhibit 4). The Weekleys also put in poles, gravel, and large stones to ensure that the dog does not dig out from under the pasture (see Exhibit 5). The Weekleys put the dog on a long line to ensure that he has access to exercise and mobility and have not had an issue with him escaping the Lot 4 since. The Weekley's dog is a kid friendly and animal friendly dog (Exhibit 6, 7, and 8) as his breed is designed to be a ranch dog who watches over the other animals. The Weekleys have pigs, goats, rabbits, cats, and chickens in the pastured area where the dog spends the day. The dog has never harmed, chased, nor attempted to harm any of the animals. The dog is also around children and family members and has never presented as aggressive.

In reference to section 30, during the weekend of September 5th, John Baker (Kimberly Weekleys') father

Page 5 – COMPLAINT FOR DECLARATORY JUDGMENT

had his friendly Beagle venture off of Lot 4 and towards the back of Lot 3. John Baker was the only male who approached the back of the property as he was looking for his dog (contrary to Mrs. Smith's allegations). Upon encountering Mrs. Smith, John Baker yelled out that his dog may be on their property, in which Mrs. Smith told him that people get shot that way and further threatened him that she would shoot him (Exhibit 9). Mr. Weekley was not with Mr. Baker in the back yard and instead attempted to communicate with Mr. Smith following this incident on her front porch. Upon attempting to talk to her from the front porch, Mr. Smith then threatened to shoot Mr. Weekley if he did not get off of her porch. Mr. Weekley's intent at that time was to collaborate with Mrs. Smith so that he could retrieve the dog (Exhibit 10).

In reference to section 31, Mr. Weekley provided a 30 day notice to allow for the Smiths to begin putting in their own driveway due to concerns for personal and others' safety. Since the Weekleys have moved into their residence, they have been confronted by Mrs. Smith on several occasions where she appeared aggressive and threatening. After about three days following moving in, Mrs. Smith approached Mrs. Weekley in a highly agitated and verbally threatening manner following the Weekley's driving their motorcycles down the driveway (Exhibit 11). The Smiths have threatened service members who have mistakenly went to the Smith's house due to the close positioning of both properties (Exhibit 12). Two service members were threatened after informing the Smiths of the nature of their business (Exhibit 13).

In reference to section 32, there is no evidence that Mr. Weekley made this statement.

In reference to section 33, there is no easement filed with the county for mutual use of the driveway and the driveway in reference is located on the Weekleys' property.

In reference to section 34, at no point in time have the Smiths been denied access to their property nor have they not been unable to access their property from the driveway. The construction vehicle did not block the

Page 6 –   COMPLAINT FOR DECLARATORY JUDGMENT

Smiths access to their property.

In reference to section 35, at no point have the Smiths ingress or egress access to their property been blocked or made inaccessible in any way.

In reference to section 38, the original construct of the cul de sac allowed for Lot 3 and Lot 4 to have their own driveways (Exhibit 1 and 2). Due to safety concerns for children, animals, guests, and the Weekleys, the defendants are requesting for the Smiths to have their own driveway put in to ensure that there is no further conflict, threat, or harassment from the Plaintiffs towards the Weekleys and their guests. The Weekleys are now anxious when walking down their own driveway and have incurred duress due to threats of being video-taped, having individuals being threatened to be shot, and encountering highly aggressive behaviors from Mrs. Smith.

In reference to section 39, at no point have the Defendants interfered with the Smiths egress and ingress to their property, no fencing has been constructed to prevent use of the driveway, no obstructions have been put in place to block the Plaintiffs from accessing the driveway as the Weeklys are proceeding in a lawful manner and at no point, have they proceeded in a unlawful manner.

In reference to section 40, there is currently no filed easement in place and there are no obstructions in place preventing the Plaintiffs access to their property, therefore, there is nothing to remove.

In reference to section C, item 41, at no point have the Defendants interfered with the Plaintiff's ingress and egress to their property. Therefore, there are no damages that the Plaintiffs have incurred. On the contrary, due to a pattern of threats from the Smiths, the Weekleys have incurred additional costs as they had to have their property surveyed, signs put up to prevent anyone from mistakenly going to the Smith's property due to safety concerns, and any fencing costs that will be incurred to ensure that the Weeklys are safe and maintain privacy.

**Foley Sampson & Nicholes, PLLC**
13115 NE 4th Street, Suite 260
Vancouver, WA 98684
Telephone: 360.883.0636

In reference to section 42, at no point have the Plaintiffs incurred any damages related to use of the driveway, as they have had full access to the driveway at all times. No construction or building has prevented use of the egress and ingress of driveway.

In reference to section 43, there is no proof that the Defendants trespassed onto the Smiths' property with intention. Mr. Weekley approached the front porch as an attempt to ask Mrs. Smith permission to access the property to find Mr. Bakers' Beagle on one occasion and was threatened to be shot after explaining his intent. One[sic] one occasion, Mrs. Weekley's 8 year old son and his friend ventured near the Smith's horses without the knowledge nor consent of Mr. and Mrs. Weekly. The children were met by Mrs. Smith, whom they described as being "very mean." Mrs. Smith called Mr. Weekley and was highly confrontational over this situation, yelling and making accusatory statements, telling Mr. Weekley that he "needed to control the children and she could not guarantee the safety of anyone coming onto her property". Mrs. Weekley was present when this conversation occurred and is witness to this testimony. The properties are in close proximity and the Smith's horses are right beside the egress and ingress of both properties, making it easy to cross over for children who are enjoying play outdoors. The children are fully aware of the boundaries and are now very fearful of the Smiths following their encounter, so have not ventured onto their property at any other time. Any other access to the Smith's property has been communicated ahead of time with the Smiths full knowledge and consent.

In reference to section 44, there is no proof that the Defendants trespassed onto the property. There are no police reports or communications in place that support this claim.

In reference to section 45, no proof of damages has been submitted to support this claim. The Defendants at no point have caused any damage of any kind to the Plaintiffs' residence.

In reference to section 46, the Weekleys have incurred an ongoing pattern of harassment from the Plaintiffs and an

**Foley Sampson & Nicholes, PLLC**
13115 NE 4th Street, Suite 260
Vancouver, WA 98684
Telephone: 360.883.0636

anti-harassment claim was filed from the Weekleys towards the Smiths in turn out of concern for others and personal safety. The Smiths' actions have constituted a substantial decrease in the enjoyment of the Weekley property as a result of substantial safety concerns. The Weekleys have incurred emotional and mental duress over the threats and aggressive behaviors of Mrs. Smith and the threat of Mr. Smith towards a service provider. The Weekleys continue to endure distress when they are accessing their barn and driveway due to the pattern of harassment from the Smiths since the Weekleys moved into their home and due to the visibility between the two properties, in which the Weekleys are hoping to resolve through individual egress and ingress onto their properties.

In reference to section 47, at no point have the Defendants caused injury or endangerment to the health and safety of the Plaintiffs, there is no proof to support this claim. The Defendants have incurred anxiety and fear over the Smiths ongoing threats towards themselves, guests, service members, and children, causing serious concerns for safety and prompting the discussion of putting up a fence and figuring out solutions to the egress and ingress of the properties in a lawful and legal manner.

In reference to section 48, the Defendants have not engaged in any actions that obstructed the free use of the Plaintiff's property at any time. The Defendants have at no time interfered with the Plaintiffs safety, enjoyment, or use of their property. On the contrary the Defendants have lived in their new home for approximately 10 months with anxiety over their safety, that of service persons, concerns for their privacy, safety of family members, grandchildren, and children who are scared to ride up near the ingress/egress points out of fear for their lives and safety due to the threats of shooting and killing anyone who mistakenly enters the Smith's property by the Smiths.

In reference to section 49, at no point have the Defendants presented as a safety concern, nor have they caused injury of any kind to the Plaintiffs. On the contrary, the Plaintiffs have threatened to shoot Mr.

Page 9 –   COMPLAINT FOR DECLARATORY JUDGMENT

**Foley Sampson & Nicholes, PLLC**
13115 NE 4th Street, Suite 260
Vancouver, WA 98684
Telephone: 360.883.0636

Weekley, Mr. Baker, another service person, and Mr. Swindel. As a response to ongoing threats and a pattern of harassment, the Weekleys put up clear markers identifying their property (Exhibit 14 and 15) incurring additional costs, and filed an anti-harassment order with the county. The Defendants are greatly concerned for the safety of their persons, the safety of Mrs. Weekley's 8 year old son, service providers, friends, and family. In addition, the Weekleys have incurred mental and emotional duress as a result of ongoing harassment and believe that putting up fencing and having the Smiths put in their own driveway to access their property without using the Weekleys property will better ensure the safety of the Weekleys and their guests.

In reference to item 50, there is no evidence of damages to refer to, nor have the Defendants at any time, caused damage to the Plaintiff's property or persons.

In reference to item 51, at no point have the Plaintiffs been blocked or denied access to their property through the erection of a fence. No fence is currently erected in any way to refer to. Mr. Weekly approached Mr. Smith in a collaborative way to discuss the placement and styling of the fence as an attempt to ensure that the Plaintiffs were included in the process in an amicable manner as to alleviate any potential conflict or heightened/unpredictable reactions from the Smiths.

In reference to section 52, The Defendants have not caused damage in any way through actions or omissions.

In reference to section a., (Prayer for Relief) the Defendants are asking the court to ensure the safety of guests, children, family members, animals, and service members by granting the request that the Plaintiffs create their own ingress/egress pursuant to the original intent of the lot subdivision and as noted in the survey filed with Pierce County Wa, so that individuals and animals do not mistakenly wonder onto the Plaintiff's property and incur harm. The Defendants are also requesting that an order of protection and non-harassment be filed to include removal of any firearms possessed by the Smiths, and that the Smiths are not to contact the Defendants directly at any time. In addition, the Defendants are requesting

Page 10 –COMPLAINT FOR DECLARATORY JUDGMENT

**Foley Sampson & Nicholes, PLLC**
13115 NE 4th Street, Suite 260
Vancouver, WA 98684
Telephone: 360.883.0636

relieve for costs incurred to clearly mark the separation of both properties, survey contractor costs, fencing along ingress/egress and property lines.

In reference to section c., The Defendants have at no point unlawfully interfered or obstructed ingress/egress to prevent the Plaintiffs from accessing their property.

In reference to section d. The Defendants ask that the court award the Defendants any attorney fees and litigation costs as permitted by any contact, decisional law, equitable doctrine, additional costs to secure the property, or other applicable statute."

## III.    ALLSTATE INSURANCE POLICY PROVISIONS

8.    The Allstate APC416-1 Homeowners Policy issued to Jay Smith and Michelle Smith is attached as Exhibit 3 and is incorporated herein by reference.  The Policy provides the following pertinent coverages, terms, definitions, and exclusions:

**"Definitions Used In This Policy**
Throughout this policy, when the following words appear in bold type, they are defined as follows:

1.    **Bodily injury**—means physical harm to the body, including sickness or disease, and resulting death, except that **bodily injury** does not include:
      a)    any venereal disease;
      b)    herpes;
      c)    Acquired Immune Deficiency Syndrome (AIDS);
      d)    AIDS Related Complex (ARC);
      e)    Human Immunodeficiency Virus (HIV);

or any resulting symptom, effect, condition, disease or illness related to a) through e) listed above.

In addition, **bodily injury** does not include any symptom, effect, condition, disease or illness resulting in any manner from:
      a)    lead in any form;
      b)    asbestos in any form;

Page 11 – COMPLAINT FOR DECLARATORY JUDGMENT

**Foley Sampson & Nicholes, PLLC**
13115 NE 4th Street, Suite 260
Vancouver, WA 98684
Telephone: 360.883.0636

c)        radon in any form; or

d)        oil, fuel oil, kerosene, liquid propane or gasoline intended for, or from, a storage tank located at the **residence premises**.

\* \* \*

6.        **Insured person(s)**—means **you** and, if a resident of **your** household:

a)        any relative; and

b)        any person under the age of 21 in **your** care.

7.        **Insured premises** means:

a)        the **residence premises**; and

b)        under **Section II** only:

1)        the part of any other premises, other structures and grounds used by **you** as a residence. This includes premises, structures and grounds **you** acquire for **your** use as a private residence while this policy is in effect;

2)        any part of a premises not owned by an **insured person** but where an **insured person** is temporarily living;

3)        cemetery plots or burial vaults owned by an **insured person**;

4)        land owned by or rented to an **insured person** where a single family dwelling is being built as that person's residence;

5)        any premises used by an **insured person** in connection with the **residence premises**;

6)        any part of a premises occasionally rented to an **insured person** for other than **business** purposes.

8.        **Occurrence** – means an accident, including continued or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in **bodily injury** or property damage.

9.        **Property damage** – means physical injury to or destruction of tangible property, including loss of its use resulting from such physical injury or destruction.

12.        **Residence premises** means the **dwelling**, other

Page 12 –COMPLAINT FOR DECLARATORY JUDGMENT

**Foley Sampson & Nicholes, PLLC**
13115 NE 4th Street, Suite 260
Vancouver, WA 98684
Telephone: 360.883.0636

structures and land located at the address stated on the Policy Declarations.

13.    We, us, or our—means the company named on the Policy Declarations.

14. **You** or **your** means the person listed under Named Insured(s)on the Policy Declarations as the insured and that person's resident spouse.

* * *

### *Insuring Agreement*
In reliance on the information you have given us, we agree to provide the coverages indicated on the Policy Declarations. In return, you must pay the premium when due and comply with the policy terms and conditions, and inform us of any change in title, use or occupancy of the residence premises.

Subject to the terms of this policy, the Policy Declarations shows the location of the residence premises, applicable coverages, limits of liability and premiums. The policy applies only to losses or occurrences that take place during the policy period.  The Policy Period is shown on the Policy Declarations. This policy is not complete without the Policy Declarations.

This policy imposes joint obligations on the Named Insured(s) listed on the Policy Declarations as the insured and on that person's resident spouse. These persons are defined as **you** or **your**. This means that the responsibilities, acts and omissions of a person defined as **you** or **your** will be binding upon any other person defined as **you** or **your**. This policy imposes joint obligations on persons defined as an **insured person**. This means that the responsibilities, acts and failures to act of a person defined as an **insured person** will be binding upon another person defined as an **insured person**.

### COVERAGE X
### FAMILY LIABILITY PROTECTION

**Losses We Cover Under Coverage X:**

**Foley Sampson & Nicholes, PLLC**
13115 NE 4th Street, Suite 260
Vancouver, WA 98684
Telephone: 360.883.0636

Subject to the terms, conditions and limitation of this policy, **we** will pay damages which an **insured person** becomes legally obligated to pay because of **bodily injury** or **property damage** arising from an **occurrence** to which this policy applies and is covered by this part of the policy.

**We** may investigate or settle any claim or suit for covered damages against an **insured person**.  If an **insured person** is sued for these damages, **we** will provide a defense with counsel of **our** choice, even if the allegations are groundless, false or fraudulent.  **We** are not obligated to pay any claim or judgment after **we** have exhausted **our** limit of liability.

\* \* \*

**Losses We Do Not Cover Under Coverage X and Coverage Y**

**Losses We Cover Under Coverage X:**
Subject to the terms, conditions and limitation of this policy, **we** will pay damages which an **insured person** becomes legally obligated to pay because of **bodily injury** or **property damage** arising from an **occurrence** to which this policy applies and is covered by this part of the policy.

**We** may investigate or settle any claim or suit for covered damages against an **insured person**.  If an **insured person** is sued for these damages, **we** will provide a defense with counsel of **our** choice, even if the allegations are groundless, false or fraudulent.  **We** are not obligated to pay any claim or judgment after **we** have exhausted **our** limit of liability.

\* \* \*

*Losses We Do Not Cover Under Coverage X and Coverage Y*

A.       *Losses We Do Not Cover Under Coverage X:*

1.       **We** do not cover **bodily injury** to an **insured person** or **property damage** to property owned by an

Page 14 –COMPLAINT FOR DECLARATORY JUDGMENT

**Foley Sampson & Nicholes, PLLC**
13115 NE 4ᵗʰ Street, Suite 260
Vancouver, WA 98684
Telephone: 360.883.0636

**insured person** whenever any benefit of this coverage would accrue directly or indirectly to an **insured person**.

\* \* \*

4.      **We** do not cover any liability an **insured person** assumes arising out of any contract or agreement.

5.      **We** do not cover **property damage** to property rented to, occupied or used by, or in the care of, an **insured person**. This exclusion does not apply if the **property damage** is caused by fire, explosion or smoke.

\* \* \*

**C.      Losses We Do Not Cover Under Coverage X and Coverage Y:**
Coverage under **Coverage X – Family Liability Protection** will be excluded for **bodily injury** and **property damage** and coverage under **Coverage Y – Guest Medical Protection** will be excluded for bodily injury as follows:

1.      **We** do not cover any **bodily injury** or **property damage** intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any **insured person**.  This exclusion applies even if:
        a)      such **insured person** lacks the mental capacity to govern his or her conduct;
        b)      such **bodily injury** or **property damage** is of a different kind or degree than intended or reasonably expected; or
        c)      such **bodily injury** or **property damage** is sustained by a different person than intended or reasonably expected.

\* \* \*

**Section II Conditions**

\* \* \*

**4.      Our Limits Of Liability**
Regardless of the number of **insured** persons, injured

Page 15 –COMPLAINT FOR DECLARATORY JUDGMENT

**Foley Sampson & Nicholes, PLLC**
13115 NE 4th Street, Suite 260
Vancouver, WA 98684
Telephone: 360.883.0636

persons, claims, claimants or policies involved, **our** total liability under **Coverage X Family Liability Protection** for damages resulting from one **occurrence** will not exceed the Limit Of Liability shown on the Policy Declarations.  All **bodily injury** and **property damage** resulting from continuous or repeated exposure to the same general conditions is considered the result of one **occurrence**.  **Our** total liability under **Coverage Y – Guest Medical Protection** for all medical expenses payable for **bodily injury**, to any one person, shall not exceed the "each person" Limit Of Liability shown on the Policy Declarations."

## IV.    DECLARATORY JUDGMENT ACTION

9.    A justiciable controversy exists between the parties hereto.  This controversy can be resolved by this Court through entry of its judgment declaring the rights and liabilities of the parties alleged herein under the contracts of insurance alleged above.

10.    There is no coverage or duty to defend or indemnify Jay Smith and Michelle Smith under the Policy for the following reasons:

10.1    There is no defined "occurrence" under the policy asserted in the Counterclaims.

10.2    No covered or defined "bodily injury" or "property damage" has been asserted in the Counterclaims.

10.3    To the extent that any potentially defined "bodily injury" or "property damage" has been asserted, the intentional or criminal acts exclusion of the Policy applies.

11.    The Court should enter a Judgment wholly in favor of Allstate declaring, adjudicating, and decreeing that Allstate is not obligated to provide coverage or a defense to Jay Smith and Michelle Smith, husband and wife in regard to the counterclaims asserted against them, and further enter an order that Leonard Weekley and Kimberly Weekley, a

**Foley Sampson & Nicholes, PLLC**
13115 NE 4th Street, Suite 260
Vancouver, WA 98684
Telephone: 360.883.0636

married couple, are owed nothing in regard to insurance indemnity on the claims they have alleged with respect to the coverages allowed under the Allstate policy.

WHEREFORE, Allstate prays for relief as follows:

1.      For Judgment against Defendants declaring that the contract of insurance issued by Allstate does not obligate Allstate to provide coverage or a defense to Jay Smith and Michelle Smith, husband and wife, and further enter an order that Leonard Weekley and Kimberly Weekley, a married couple, are owed nothing with respect to the coverages allowed under the policies in regard to their claims.

2.      For Allstate's costs and such other and further relief as may be deemed just and equitable.

DATED this 4th day of November, 2021.

FOLEY SAMPSON & NICHOLES, PLLC


By  /s/ DOUGLAS F. FOLEY
    Douglas F. Foley, WSBA #13119
    E-mail: doug.foley@dougfoleylaw.com

By  /s/ ALAYNA L. NICHOLES
    Alayna L. Nicholes, WSBA #40993
    E-mail: alayna.nicholes@dougfoleylaw.com

By  /s/ KEVIN M. SAMPSON
    Kevin M. Sampson, WSBA #24162
    E-mail: kevin.sampson@dougfoleylaw.com
    *Attorneys for Plaintiff, Allstate Property and*
    *Casualty Insurance Company*

Page 17 –COMPLAINT FOR DECLARATORY JUDGMENT